# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | | |
|---|---|---|
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, | : : : | |
| Plaintiff, | : : | CASE NO. 1:21-cv-01243 |
| v. | : : | |
| MITCHELL FALTER and JESSICA DOLL, | : : | |
| Defendants. | : : | |

## **PLAINTIFF'S MEMORANDUM IN SUPPORT OF EXPEDITED DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 26, Teachers Insurance and Annuity Association of America ("TIAA") respectfully requests expedited discovery in order to prepare for a preliminary injunction hearing. Specifically, TIAA is seeking the following limited discovery:

1. A deposition of each Defendant lasting no longer than four hours and a deposition of Melanie Simons, the CEO of ReFrame Wealth ("ReFrame"), the entity with which Defendants currently are affiliated, also lasting no longer than four hours, limited to the following topics; (a) Defendants' communications with TIAA clients for the time period beginning February 26, 2021 through the present (excluding any communications occurring after the time TIAA clients may have moved their business to Defendants at ReFrame); (b) Defendants' use, retention, or disclosure of information pertaining to TIAA clients; (c) the terms of Defendants' affiliations with ReFrame, and (d) communications between Defendants and ReFrame about their transitions.

2. Production of documents containing and/or evidencing (a) communications between Defendants and TIAA clients including, without limitation, emails, texts, instant messages, and phone records, for the time period beginning February 26, 2021 through the present (excluding any communications occurring after the time TIAA clients moved their business to Defendants); (b) client information Defendants used, retained, or disclosed; (c) documents reflecting the terms of Defendants' affiliations with ReFrame; and (d) communications between Defendants and ReFrame about their transitions.

**MEMORANDUM OF LAW**

Rule 26(d) permits discovery before a Rule 26(f) conference pursuant to a court order. "When presented with a motion to commence discovery prior to the Rule 26(f) conference, courts generally apply a reasonableness or good-cause standard, taking into account the totality of the circumstances in which the motion is presented." *Reladyne Reliability Servs. v. Bronder*, 2020 U.S. Dist. LEXIS 178856, at *3 (E.D. Va. August 4, 2020).

Expedited discovery is particularly appropriate in cases such as this where a preliminary injunction motion is pending. As the court held in *Reladyne*: "Motions for expedited discovery are routinely considered either during a court's consideration of motions for a preliminary injunction or temporary restraining order, or directly before such motions in order to prepare for a preliminary injunction argument. Good cause exists to direct the parties to have an opportunity to engage in limited discovery in advance of the hearing on this matter." *Id. See also Malon v. Franklin Fin. Corp.*, 2014 U.S. Dist. LEXIS 199229, at *2 (E.D. Va. Dec. 4, 2014) ("On November 6, 2014, and upon motion by Plaintiff, the Court ordered limited expedited discovery in anticipation of a then-forthcoming motion for a preliminary injunction."); *Mt.*

*Valley Pipeline, LLC v. Easements to Construct, Operate & Maintain a Natural Gas Pipeline*, 2018 U.S. Dist. LEXIS 15724, at *10-11 (W.D. Va. January 31, 2018) ("As already noted, the court allowed expedited discovery prior to holding a hearing on MVP's motion for partial summary judgment and for preliminary injunction. All of the motions have been fully briefed and are ripe for disposition."); *ADESA, Inc. v. Lewis*, 2021 U.S. Dist. LEXIS 10422, at *2 (W.D. Va. January 20, 2021) ("The parties agreed to expedited discovery prior to an evidentiary hearing on the preliminary injunction, which hearing was held on December 14, 2020.").

TIAA's right to expedited discovery is even more clear since Defendants both *expressly consented* to this very relief in their agreements. (*See* Exhibits "A" – "B" to the Complaint at ¶ 7). Very recently, in *Teachers Insurance and Annuity Association of America v. Wheatley, et al.*, Civil Action No. 3:21-CV-1380 (CSH) (D. Conn. Nov. 2, 2021), after noting that defendants' agreements "explicitly allow Plaintiff expedited discovery to support a preliminary injunction," the court held: "Expedited discovery is common in cases of this nature." (*See* Exhibit "A" at pp. 5, 7).[1] In another recent case involving the identical provision, *TIAA-CREF Individual & Institutional Services, LLC v. Ahlquist*, Case No. 4:20-CV-917 (S.D. Tex. May 25, 2020), the court granted TIAA expedited discovery in support of its motion for a preliminary injunction. (*See* Exhibit "B").

Briefly stated, under both applicable law and the provisions in Defendants' agreements, expedited discovery is appropriate.

**A)    Defendants' Communications with Clients**

The relevance of these documents and deposition testimony is beyond dispute. They

---

[1] The court allowed Defendants to submit opposition papers "which persuade the Court that expedited discovery should not be allowed in this case." *Id.* at p. 7. Defendants did not do so.

bear directly on the question of whether TIAA has a likelihood of success on the merits, as well as the issue of irreparable harm. As set forth in the Complaint, TIAA has alleged that Defendants solicited clients in violation of their non-solicitation agreements with TIAA. In a further effort to divert business, TIAA has alleged that Falter misled one or more clients into falsely believing it would "help" the new Associate Wealth Management Advisor ("AWMA") if the client moved with him to ReFrame and, when the client asked if she should reach out to the new AWMA, Falter dissuaded her from doing so and falsely claimed he "had been in contact." (*See* Complaint at paras. 48-49). Expedited discovery will reveal any and all additional instances in which Falter made false and/or misleading statements to TIAA clients.

Similarly, while Doll admits reaching out to a TIAA client who subsequently transferred assets to ReFrame, she refuses to identify any other clients she contacted. (*Id*. at paras. 53-62). Determining the full extent of Defendants' improper solicitations is crucial to the Court's determination of its pending preliminary injunction motion and, also, will significantly streamline the proceedings.

The discovery also is limited in scope and any burden on Defendants is minimal. These communications are readily obtainable and the depositions TIAA seeks will last less than two days in total. In a further effort to limit discovery to what is directly relevant to its preliminary injunction motion, TIAA also does not seek documents/testimony on communications with clients once they have moved their business to ReFrame.

**B)** **Defendants' Use, Retention, and/or Disclosure of Confidential Information**

The relevance of this documentation and testimony is equally clear. Defendants' use, retention, or disclosure of confidential client information would give TIAA an additional basis for likely succeeding on the merits, as Defendants agreed not to retain any such information upon

4

their departures. It is relevant to irreparable harm as well. Of course, the public also has a strong interest in protecting confidential client information, and Defendants' improper use, retention, and/or disclosure of such information would impact the balancing of the equities too.

Here again, the discovery TIAA seeks is limited. Any burden on Defendants is *de minimis* and far outweighed by the probative value of the testimony and documents. If Defendants truly retained no confidential information, they will not have anything to produce. In contrast, if they did, not only does this bear directly on the preliminary injunction motion, Defendants should return it any event.

### C) Defendants' Affiliations with ReFrame

Discovery concerning the terms of Defendants' affiliations with ReFrame is plainly relevant. Discovery on the terms of Defendants' affiliations with ReFrame will reveal, among other things, the compensation they will receive in the future and is highly relevant to the Court's balancing of the equities. In addition, any financial incentives linked to diverting clients also tilt the equities more in TIAA's favor. The production of this limited documentation, and brief deposition questioning on same, imposes no undue burden on Defendants and is far outweighed by the probative value of this discovery.

### D) Defendants' Communications with ReFrame About Their Transitions

Communications between Defendants and ReFrame about their transitions also are directly relevant to the preliminary injunction motion. They likely will contain what instructions ReFrame, particularly its CEO, gave Defendants about their contractual obligations and whether or not Defendants abided by them. If they failed to do so, clearly that cuts against them in balancing the equities. These communications also may reveal that Defendants made assurances they could move a certain level of assets, evidencing their intent to solicit clients and otherwise

violate their commitments, or contain confidential information proving a breach of their confidentiality obligations. Since Defendants became affiliated with ReFrame shortly after giving notice of their departures in late February 2021, this request is limited in scope and imposes virtually no burden.

## **CONCLUSION**

For the foregoing reasons, TIAA respectfully requests that its motion for expedited discovery be granted.

Dated: November 22, 2021

TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF AMERICA

By: /s/ Amy M. Pocklington
Amy M. Pocklington, Esquire
Virginia State Bar Number 45233
amy.pocklington@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA 23219
Telephone: (804) 663-2330
Fax: (855) 843-1809

Christopher C. Coss, Esquire
(*Admission Pro Hac Pending*)
Thomas J. Momjian, Esquire
(*Admission Pro Hac Pending*)
Coss & Momjian, LLP
111 Presidential Boulevard, Suite 214
Bala Cynwyd, Pa. 19004
(610) 667-6800
(610) 667-6620 (fax)
ccc@cossmomjian.com

*Counsel for Plaintiff*

**Certificate of Service**

I hereby certify that on this 22nd day of November, 2021, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, and I will also serve a copy of this filing on counsel for Defendants by email and overnight mail:

Matthew B. Baum, Esq.
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas – 11th Floor
New York, NY 10105
mbaum@egsllp.com

                                              By:  /s/ Amy M. Pocklington
                                              Amy M. Pocklington, Esquire
                                              Virginia State Bar Number 45233
                                              amy.pocklington@ogletreedeakins.com
                                              OGLETREE, DEAKINS, NASH, SMOAK &
                                              STEWART, P.C.
                                              901 East Byrd Street, Suite 1300
                                              Riverfront Plaza, West Tower
                                              Richmond, VA 23219
                                              Telephone: (804) 663-2330
                                              Fax: (855) 843-1809

49241350.1